IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT W. JOHNSON,                    )
                                      )
    Plaintiff,                        )
                                      )
v.                                    ) CIVIL ACTION NO. 24-337-TFM-MU
                                      )
VALET AUTO WASH,                      )
                                      )
    Defendant.                        )

## REPORT AND RECOMMENDATION

Plaintiff Robert W. Johnson, proceeding *pro se*, filed a form "Complaint for
Violation of Civil Rights (Non-Prisoner Complaint)" and a motion to proceed without
prepayment of fees. (Docs. 1, 2). Upon review of the complaint and motion, which has
been referred to the undersigned for appropriate action pursuant to 28 U.S.C. §
636(b)(1) (*see* Doc. 3), the Court finds that Plaintiff has not alleged any facts to support
venue in the Southern District of Alabama and, therefore, recommends that this action
be **TRANSFERRED** to the Northern District of New York.

Plaintiff's complaint asserts as the basis for jurisdiction that it is a § 1983 claim
against state or local officials. (Doc. 1, PageID.3). Plaintiff lists his address as 214 Smith
Road, Apt. 4, Syracuse, New York. (*Id.* at PageID. 2). Plaintiff has named Valet Auto
Wash as the sole defendant and listed its address as 2027 Park Street, Syracuse, New
York. (*Id.*). Plaintiff states that the events giving rise to his claim occurred on August 30,
2024, at 2027 Park Street in Syracuse, New York. (*Id.* at PageID. 4). He alleges that he
was illegally terminated from his employment at Valet Auto Wash due to his race, sex,
religion, nationality, and disability and that he was retaliated against. (*Id.*). There is

nothing in Plaintiff's complaint that mentions or demonstrates any connection to the Southern District of Alabama.

Venue in this action is determined pursuant to 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district where any defendant resides, if all defendants are residents of the State In which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The allegations of Plaintiff's complaint do not establish that any of these options are satisfied in this case; therefore, venue is improperly laid in the Southern District of Alabama.

When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* transfer, pursuant to § 1406(a), of a *pro se* plaintiff's *Bivens* action from New York to Georgia), *cert. denied*, 562 U.S. 1250 (2011); *see also Terry v. Harris*, No. CV 19-00203-KD-B, 2019 WL 3024662, at *1 (S.D. Ala. June 14, 2019), *report and recommendation adopted*, No. CV 1:19-00203-KD-B, 2019 WL 3006541 (S.D. Ala. July 10, 2019) (transferring, *sua sponte*, *pro se* plaintiff's § 1983 action brought in improper venue).

In this action, Plaintiff resides in Syracuse, New York, Defendant is alleged to also reside in Syracuse, New York, and the events giving rise to his claims are alleged to have occurred in Syracuse, New York, which is located in the Northern District of

New York. As Plaintiff's action has no connection to this district, venue is lacking here but appears to be proper in the Northern District of New York. Considering Plaintiff's *pro se* status, the undersigned Magistrate Judge **RECOMMENDS**, in the interest of justice, that Plaintiff's action be **TRANSFERRED,** pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of New York, where Defendant allegedly resides and where the events giving rise to his claim occurred.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

        **DONE** this the **17th** day of **September, 2024**.

                                              s/ P. Bradley Murray
                                              **UNITED STATES MAGISTRATE JUDGE**